1999 OK JUD ETH 4

### JUDICIAL ETHICS OPINION 1999–4.

### No. 1999–4.

Oklahoma Judicial Ethics Advisory Panel.

Nov. 16, 1999.

QUESTION: May an active judge receive reasonable compensation for participation in an educational program which does not interfere with judicial duties?

SPECIFIC FACTS: The judge participates in a program presented by the Oklahoma Foundation for the Humanities. The judge portrays a historical figure in making presentations to schools, churches, civic groups and other such entities. The words of a historical figure portrayed by the judge are used in the program, but after the program, the participants step out of character and answer questions. The judge would be expected to commit to several presentations per year and would be paid reasonable compensation and mileage for travel.

WE ANSWER: YES.

Canon 2: *"A Judge Should Avoid Impropriety and the Appearance of Impropriety in all of the Judge's Activities"*

Canon 3(A): *"The judicial duties of a judge take precedence over all the judge's other activities. The judge's judicial duties include all the duties of the judge's office prescribed by law."*

Canon 4(A) *"Extra–Judicial Activities In General. A judge should conduct all of the judge's extra-judicial activities so that they do not:*

*(1) cast reasonable doubt on the judge's capacity to act impartially as a judge;*

*(2) demean the judicial office; or*

*(3) interfere with the proper performance of judicial duties."*

Canon 4(B) *"Avocational Activities. A judge may speak, write, lecture, teach and participate in other extra-judicial activities concerning the law, the legal system, the administration of justice and non-legal subjects, subject to the requirements of this Code."*

Canon 4(D)(1): *"A judge should not engage in financial and business dealings that:*

*(a) may reasonably be perceived to exploit the judge's judicial position, or*

*(b) involve the judge in frequent transactions or continuing business relationships with those lawyers or other persons likely to come before the court on which the judge serves."*

Canon 4(D)(2) *"A judge may, subject to the requirements of this Code, hold and manage investments of the judge ... and engage in other remunerative activities."*

The intent of the Canons is clear that a judge may engage in extra-judicial activities, may be paid for those activities so long as the integrity of the judiciary and of the judge is not compromised and the activity does not interfere with the performance of the judge's judicial duties. The application of the Canons to specific activities is not so clear.

Our answer is based on the specific facts submitted. It is important to note:

1. The compensation is "reasonable."

2. No interference with judicial duties.

3. No use of judicial equipment or judicial support personnel.

4. The participation is in an educational program, not an income producing business.

5. Nothing in the activity, nor resulting from it, is likely to come before the court.

6. The activity does not tend to lessen respect for the judiciary; on the contrary, the portrayal described in the question would seem to enhance respect for the judiciary.

We do not attempt to set parameters for a judge's non-judicial, commercial activities. These are impliedly permitted as Canon 4(D)(2) states that subject to requirements of the Code, *"A judge may ... engage in other remunerative activities."* However, the Canons are quite clear that a judge cannot serve in any capacity of any business entity except those that are family related. See Canon 4(D)(3). Also, we cite in this answer other Canons of the Code which set out

restrictions on a judge's extra-judicial activities.

If a judge has unique abilities and can assist in educational programs, the judge should be encouraged to participate. If a judge engages in such activities, on his or her own time, there is no reason for the judge to decline reasonable compensation. We make no attempt to specify what financial activities are permitted to a judge, but we urge judge's to use caution and discretion in pursuing any type of extra-judicial vocation or avocation.

/s/ Robert L. Bailey, Chairman

/s/ Robert A. Layden, Vice Chairman

/s/ Milton C. Craig, Secretary